CARTAFALSA, TURPIN & LENOFF
Anthony Orcel (4763215) (anthony.orcel@zurichna.com)
4 World Trade Center
150 Greenwich Street, 52nd Floor
New York, New York 10007
Telephone: (212) 225-7700
Facsimile: (212) 225-7745

Attorneys for Defendant CRISDEL GROUP, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLIAM LONERGAN,

                               Plaintiff,                       Case No.

     -against-                                       **NOTICE OF REMOVAL**

CRISDEL GROUP, INC. and KIEWIT
INFRASTRUCTRUCTURE CO.,

                               Defendants.
-----------------------------------------------------------------------X

TO THE CLERK OF THE ABOVE ENTITLED COURT:

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Crisdel Group, Inc. ("CRISDEL"), by its undersigned counsel, hereby removes to this court the pending New York State civil action identified in paragraph 1 below:

      1.    Plaintiff William Lonergan commenced a civil action in New York State Supreme Court, New York County, entitled *William Lonergan, plaintiff v. Crisdel Group, Inc. and Kiewit Infrastructructure Co., defendants*, index number 151158 / 2021, by the electronic filing of a summons and complaint on February 3, 2021. CRISDEL was served on February 17, 2021 and defendant's filing of this notice of removal is therefore timely as it is within 30 days of February 17, 2021. Copies of all pleadings and process served in the New York State civil action are collectively attached as Exhibit "1".

2. The complaint alleges that plaintiff William Lonergan sustained personal injuries as a result of a trip and fall accident that allegedly occurred on June 18, 2019 within the main parking lot located on Ellis Island. This court has original jurisdiction under 28 U.S.C. §1332(a) by reason of diversity of citizenship because, as detailed below, this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

3. Plaintiff alleges in the complaint that he is a resident of New York State.

4. CRISDEL is a New Jersey corporation with a principal place of business located at 240 Ryan Street in South Plainfield, New Jersey.

5. Kiewit Infrastructure Co. (sued incorrectly herein as Kiewit Infrastructructure Co.) is a Delaware corporation with a principal place of business located at 3555 Farnam Street, Suite 1000, Omaha, Nebraska.

6. The complaint does not demand a specific dollar amount in damages and therefore asserts the necessary amount in controversy pursuant to 28 U.S.C. §1446(c)(2)(A)(ii).

7. Defendant will promptly serve a copy of this notice of removal upon counsel for plaintiff and Kiewit Infrastructure Co. and will electronically file a copy of it with the New York County Clerk's Office pursuant to 28 U.S.C. §1446(d).

8. The Southern District of New York encompasses New York County where the New York State civil action was filed and this court is therefore a proper venue for removal of this action.

Dated: March 18, 2021                                       CARTAFALSA, TURPIN & LENOFF

By: *[signature]*
ANTHONY ORCEL (4763215)
Attorneys for Defendant
Crisdel Group, Inc.

# EXHIBIT "1"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
WILLIAM LONERGAN,

                              Plaintiff,

    -against-

CRISDEL GROUP, INC. AND KIEWIT
INFRASTRUCTRUCTURE CO.,

                             Defendants.
-----------------------------------------------------------------X

Index No.: 151158/2021
Date Filed: 2/3/2021

Plaintiff designates
NEW YORK County as
the place of trial

The basis of the venue is
Site of Accident

**SUMMONS**

Plaintiff resides at
52 Dreyer Avenue
Staten Island, NY 10314
County of Richmond

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Staten Island, New York
       January 21, 2021

                                         ORIN J. COHEN, ESQ.
                                         Attorney for Plaintiff
                                         1162 Victory Boulevard.
                                         Staten Island, New York 10301
                                         (718) 448-2889

**Defendants' Addresses:**

**CRISDEL GROUP, INC. – 240 RYAN STREET, SOUTH PLAINFIELD, NEW JERSEY 07080**

**KIEWIT INFRASTRUCTRUCTURE CO. – C/O CT CORPORATION SYSTEM, 28 LIBERTY STREET, NEW YORK, NEW YORK 10005**

**KIEWIT INFRASTRUCTRUCTURE CO. – 470 CHESTNUT RIDGE ROAD, WOODCLIFF LAKE, NJ 07677**

**Upon your failure to appear, judgment will be taken against you by default.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
WILLIAM LONERGAN,

                          Plaintiff,

    -against-

CRISDEL GROUP, INC. AND KIEWIT
INFRASTRUCTURE CO.,

                          Defendants.
-----------------------------------------------------------------------X

Index No.

**COMPLAINT**

    **FIRST:** That at all times hereinafter mentioned, the plaintiff, **WILLIAM LONERGAN**, was and still is a resident of the County of Richmond, City and State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST CRISDEL GROUP, INC.

    **SECOND:** That at all times herein mentioned, the defendant **CRISDEL GROUP, INC.** (hereinafter referred to as "**CRISDEL**") was a partnership duly authorized to conduct business in the State of New York.

    **THIRD:** That at all times herein mentioned, the defendant **CRISDEL** was a limited liability company duly authorized to conduct business in the State of New York.

    **FOURTH:** That at all times herein mentioned, the defendant **CRISDEL** was a foreign corporation duly authorized to conduct business in the State of New York.

    **FIFTH:** That at all times hereinafter mentioned, the defendant **CRISDEL** was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    **SIXTH:** That at all times hereinafter mentioned, the defendant **CRISDEL** is a New Jersey corporation licensed to do business in the County, City, and State of New York.

    **SEVENTH:** That at all times hereinafter mentioned, the defendant **CRISDEL** was a foreign corporation duly authorized to conduct business in the State of New York.

    **EIGHTH:** That at all times hereinafter mentioned, the defendant, **CRISDEL**, was a partnership duly authorized to conduct business in the State of New York.

    **NINTH:** That at all times hereinafter mentioned, the Ellis Island main parking lot, in the County of New York, City and State of New York, is used by the public.

**TENTH:** That at all times hereinafter mentioned, the defendant, **CRISDEL**, owned the premises and its surrounding area located as aforesaid.

**ELEVENTH:** That at all times hereinafter mentioned, the defendant, **CRISDEL**, controlled the premises and its surrounding area located as aforesaid.

**TWELFTH:** That at all times hereinafter mentioned, the defendant, **CRISDEL**, operated the premises and its surrounding area located as aforesaid.

**THIRTEENTH:** That at all times hereinafter mentioned, the defendant, **CRISDEL**, maintained the premises and its surrounding area located as aforesaid.

**FOURTEENTH:** That at all times hereinafter mentioned, the defendant, **CRISDEL**, had a contract to perform work on the Ellis Island main parking lot area.

**FIFTEENTH:** That on June 18, 2019, at approximately 8:30 p.m., the plaintiff was a lawful citizen at the aforementioned location.

**SIXTEENTH:** That on June 18, 2019, at approximately 8:30 p.m., the plaintiff was lawfully in the aforesaid parking lot, when due to the negligence and carelessness of the defendant herein, the plaintiff was caused to trip and fall and sustain severe and permanent personal injuries.

**SEVENTEENTH:** That on June 18, 2019, at approximately 8:30 p.m., when the plaintiff **WILLIAM LONERGAN**, was walking in the Ellis Island main parking lot, in the County of New York, City and State of New York when he was caused to trip and fall due to the negligence of the defendants, their agents, servants and/or employees in that they carelessly and negligently allowed the parking lot at the aforesaid location to be, become and remain in an unsafe and dangerous condition, said area being negligently and improperly constructed and maintained in that the area became uneven, unleveled, depressed, cracked, broken, raised, and slanted, causing the plaintiff to trip and fall at said location; that the defendant, their agents, servants and/or employees created the condition by failing to properly maintain said location; by failing to properly set up proper barricades in that location to keep the public from walking at the unsafe location; in failing to improperly warn the public of the condition as it existed; in failing to direct the plaintiff away from said condition; in allowing the defective condition to exist for an extended period of time and allowing a worsening and more dangerous condition to exist; in violating the applicable laws, ordinances and statutes, said parking lot being improperly constructed and maintained, and in that the conditions were caused by defendants, their agents, servants and/or employees, and same knew or should have known the condition of said parking lot, causing a trap to the plaintiff.

**EIGHTEENTH:** That on the aforesaid date, the defendants, their agents, servants and/or employees were negligent in exercising proper care and the maintenance of said location, and as a direct result thereof, the plaintiff was caused to suffer serious, personal injuries.

**NINETEENTH:** That on June 18, 2019, and for some time prior thereto, the defendants should have known of this alleged condition and failed to exercise proper care to remedy said condition.

**TWENTIETH:** That on the aforesaid date, the condition existed due to the defendant who caused that condition to be created and same existed for some time prior to the happening of this incident.

**TWENTY-FIRST:** That by reasoning of the foregoing, the plaintiff has been caused to expend monies and is disabled due to the injuries as aforementioned, upon information and belief, of a permanent character by reason thereof that the plaintiff is prevented from following his usual duties and is informed and believes that in the future will be prevented to follow his regular duties, all to plaintiff's damage in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York.

**TWENTY-SECOND:** Plaintiff is not subject to limitations of Article XVI of the CPLR pursuant to exclusions therein.

**TWENTY-THIRD:** That as a result of the aforesaid, the plaintiff, **WILLIAM LONERGAN**, was caused to, and did, sustain severe, painful injuries to his person, all to his damage in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST KIEWIT INFRASTRUCTURE CO.

**TWENTY-FOURTH:** The plaintiff, **WILLIAM LONERGAN**, repeats, reiterates and realleges each and every allegation in paragraphs numbered "FIRST" through "TWENTY-THIRD" of the complaint as though set forth more fully at length herein.

**TWENTY-FIFTH:** That at all times herein mentioned, the defendant **KIEWIT INFRASTRUCTURE CO.** (hereinafter referred to as "**KIEWIT**") was a partnership duly authorized to conduct business in the State of New York.

**TWENTY-SIXTH:** That at all times herein mentioned, the defendant **KIEWIT** was a limited liability company duly authorized to conduct business in the State of New York.

**TWENTY-SEVENTH:** That at all times herein mentioned, the defendant **KIEWIT** was a foreign corporation duly authorized to conduct business in the State of New York.

**TWENTY-EIGHTH:** That at all times hereinafter mentioned, the defendant **KIEWIT** was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

**TWENTY-NINTH:** That at all times hereinafter mentioned, the defendant **KIEWIT** is a New Jersey corporation licensed to do business in the County, City, and State of New York.

**THIRTIETH:** That at all times hereinafter mentioned, the defendant **KIEWIT** was a foreign corporation duly authorized to conduct business in the State of New York.

**THIRTY-FIRST:** That at all times hereinafter mentioned, the defendant, **KIEWIT**, was a partnership duly authorized to conduct business in the State of New York.

**THRTY-SECOND:** That at all times hereinafter mentioned, the Ellis Island main parking lot, in the County of New York, City and State of New York, is used by the public.

**THIRTY-THIRD:** That at all times hereinafter mentioned, the defendant, KIEWIT, owned the premises and its surrounding area located as aforesaid.

**THIRTY-FOURTH:** That at all times hereinafter mentioned, the defendant, KIEWIT, controlled the premises and its surrounding area located as aforesaid.

**THIRTY-FIFTH:** That at all times hereinafter mentioned, the defendant, KIEWIT, operated the premises and its surrounding area located as aforesaid.

**THIRTY-SIXTH:** That at all times hereinafter mentioned, the defendant, KIEWIT, maintained the premises and its surrounding area located as aforesaid.

**THIRTY-SEVENTH:** That at all times hereinafter mentioned, the defendant, KIEWIT, had a contract to perform work on the Ellis Island main parking lot area.

**THIRTY-EIGHTH:** That on June 18, 2019, at approximately 8:30 p.m., the plaintiff was a lawful citizen at the aforementioned location.

**THIRTY-NINTH:** That on June 18, 2019, at approximately 8:30 p.m., the plaintiff was lawfully in the aforesaid parking lot, when due to the negligence and carelessness of the defendant herein, the plaintiff was caused to trip and fall and sustain severe and permanent personal injuries.

**FORTIETH:** That on June 18, 2019, at approximately 8:30 p.m., when the plaintiff WILLIAM LONERGAN, was walking in the Ellis Island main parking lot, in the County of New York, City and State of New York when he was caused to trip and fall due to the negligence of the defendants, their agents, servants and/or employees in that they carelessly and negligently allowed the parking lot at the aforesaid location to be, become and remain in an unsafe and dangerous condition, said area being negligently and improperly constructed and maintained in that the area became uneven, unleveled, depressed, cracked, broken, raised, and slanted, causing the plaintiff to trip and fall at said location; that the defendant, their agents, servants and/or employees created the condition by failing to properly maintain said location; by failing to properly set up proper barricades in that location to keep the public from walking at the unsafe location; in failing to improperly warn the public of the condition as it existed; in failing to direct the plaintiff away from said condition; in allowing the defective condition to exist for an extended period of time and allowing a worsening and more dangerous condition to exist; in violating the applicable laws, ordinances and statutes, said parking lot being improperly constructed and maintained, and in that the conditions were caused by defendants, their agents, servants and/or employees, and same knew or should have known the condition of said parking lot, causing a trap to the plaintiff.

**FORTY-FIRST:** That on the aforesaid date, the defendants, their agents, servants and/or employees were negligent in exercising proper care and the maintenance of said location, and as a direct result thereof, the plaintiff was caused to suffer serious, personal injuries.

**FORTY-SECOND:** That on June 18, 2019, and for some time prior thereto, the defendants should have known of this alleged condition and failed to exercise proper care to remedy said condition.

**FORTY-THIRD:** That on the aforesaid date, the condition existed due to the defendant who caused that condition to be created and same existed for some time prior to the happening of this incident.

**FORTY-FOURTH:** That by reasoning of the foregoing, the plaintiff has been caused to expend monies and is disabled due to the injuries as aforementioned, upon information and belief, of a permanent character by reason thereof that the plaintiff is prevented from following his usual duties and is informed and believes that in the future will be prevented to follow his regular duties, all to plaintiff's damage in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York.

**FORTY-FIFTH:** Plaintiff is not subject to limitations of Article XVI of the CPLR pursuant to exclusions therein.

**FORTY-SIXTH:** That as a result of the aforesaid, the plaintiff, **WILLIAM LONERGAN**, was caused to, and did, sustain severe, painful injuries to his person, all to his damage in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York.

**WHEREFORE**, plaintiff demands judgment against the defendants in the first cause of action in an amount which exceeds the jurisdictional limitations of the lower courts of the State of New York and in the second cause of action in an amount which exceeds the jurisdictional limitations of the lower courts of the State of New York together with the costs and disbursements of this action.

Dated: Staten Island, New York
January 21, 2021

Yours, etc.,

ORIN J. COHEN, ESQ.
Attorney for Plaintiff
1162 Victory Boulevard
Staten Island, New York 10301
(718) 448-2889

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

WILLIAM LONERGAN,

                              Plaintiff(s),

-against-

CRISDEL GROUP, INC. AND KIEWIT
INFRASTRUCTRUCTURE CO.,

                              Defendant(s).

## SUMMONS AND COMPLAINT

**LAW OFFICE OF ORIN J. COHEN**
Attorney for Plaintiffs
1162 Victory Boulevard
Staten Island, New York 10301
(718) 448-2889