UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM LONERGAN,                               :

                Plaintiff,              :

    -against-                                        :       **MEMORANDUM AND ORDER**

CRISDEL GROUP, INC. AND KIEWIT       :             21-CV-2374 (KNF)
INFRASTRUCTURE CO.,
                                                              :
                Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      This action for negligence commenced by the defendants' filing of a removal notice "pursuant to 28 U.S.C. §§1332, 1441 and 1446," followed by the defendants' answer. After the plaintiff informed the Court that the events giving rise to this action occurred in New Jersey, the Court issued a scheduling order for any motion to transfer pursuant to 28 U.S.C. § 1404(a). The parties filed a letter-motion stating that

> all parties have consented and agreed to allow this matter to be transferred with permission of this court to the United States Federal District Court of the District of New Jersey Court of Newark. Since the accident occurred on property that was in New Jersey on Ellis Island and the court directed that a motion be made on or before June 18, 2021 and this motion is to be made with consent of all parties, it is requested that the Hon. Magistrate Judge Kevin Nathaniel Fox allow this to serve as a letter motion be made jointly by all parties to allow the transfer of this case or removal of this matter to Federal Court of New Jersey.

      Docket Entry No. 23.

*Legal Standard*

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> 28 U.S.C.A. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a).

> "In deciding motions to transfer venue under § 1404(a), courts inquire, first, 'whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion.'" In examining whether transfer is appropriate, courts balance a number of factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. Of these factors, the convenience of witnesses is traditionally viewed as the most important.
>
> Randle v. Alexander, 960 F. Supp. 2d 457, 485–86 (S.D.N.Y. 2013) (citations omitted).

"The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989).

***Application of Legal Standard***

The parties agree that the events giving rise to this action occurred on Ellis Island in New Jersey, within the district of New Jersey; thus, the action could have been brought in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C.A. § 1391(b)(2). The

2

parties request jointly that the action be transferred to the district of New Jersey; thus, it appears that the district of New Jersey is convenient to the parties who are all represented by counsel. As the parties elected to move improperly by a letter-motion and failed to address any of the factors generally considered in determining whether granting a transfer motion is warranted, the Court finds that any challenge by the parties to the transfer order is waived.

    The parties' joint motion to transfer venue, Docket Entry No. 23, is granted. The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C.A. § 1404(a).

Dated: New York, New York
       June 24, 2021

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE